IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00052-CR

 

Raul DeLeon Najera,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court No. F44523

 



MEMORANDUM  Opinion










 

Raul Deleon Najera attempts to appeal
from his conviction for delivery of a controlled substance.  Tex. Health & Safety Code Ann. §
481.112(c) (West 2010).  By letter dated March 2, 2011, the Clerk of this Court
notified Najera that the appeal was subject to dismissal because the trial court’s
certificate of right of appeal indicated that Najera pled guilty with a plea
bargain and had no right to appeal.  See Tex. R. App. P. 25.2(d).  The Clerk also warned Najera that
the appeal would be dismissed unless, within 21 days of the date of the letter,
a response was filed showing grounds for continuing the appeal.  See Tex. R. App. P. 44.3.  We have not
received a response from Najera.[1] 


            Accordingly, this appeal is
dismissed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed

Opinion
delivered and filed March 30, 2011

Do
not publish 

[CR25]









[1]
On March 22, 2011 the Clerk advised Najera that his docketing statement was
overdue.  That issue is now moot, and Najera may disregard that correspondence.








">      Questioning of Appellant did not begin until 4:00 p.m. This delay was due to the number of
persons who were being interviewed and the delay in determining that Appellant was a suspect. 
Appellant admitted his part as the shooter in the capital murder. Prior to reducing Appellant's
statement to writing, Detective Graham was told that it was close to the six-hour-time-limit for
holding Appellant and it was time to take him to the juvenile ward. It was approximately 5:00
p.m. when Appellant's interview was interrupted to transport him from the 601 Lockwood facility. 
Appellant agreed to give a written statement at a later time.
      On January 19, 1992, two days later, Detective Valerio checked Appellant out of the juvenile
facility to further interview him. Appellant was taken to the Galena Park Municipal Building to
receive further warnings from Judge Biggs. At 4:30 p.m. Judge Biggs conducted the warnings
in accordance with the Texas Family Code. Detective Valerio then took Appellant to the Galena
Park Police Department where Appellant was interviewed, resulting in his written confession. 
Appellant was then taken back to Judge Biggs who made sure Appellant's confession was
intelligently and voluntarily given before allowing him to sign it in his presence.
      The juvenile court waived its jurisdiction and Appellant was certified for trial as an adult. 
Appellant filed a motion to suppress his confession. The trial court, after a hearing, denied such
motion, finding the confession was legally obtained.
      Thereafter Appellant pled guilty to murder, was convicted by the judge who assessed
punishment at fifty years in prison. Appellant appeals on seven points of error, all relating to
asserted errors of the trial court in denying his motion to suppress his confession.
      Appellant's first three points assert the trial court erred in denying his motion to suppress his
oral confession on January 17, 1992, because it was obtained after Appellant had been detained
over six hours, and that his detention was in a location other than a juvenile detention facility.
      Texas Family Code § 52.025(a) provides that a child may not be detained in a juvenile
processing office for longer than six hours. The location at 601 Lockwood was a juvenile
processing office. Appellant was detained in excess of six hours before he orally confessed to the
killing of the victim. The officers, realizing that the six hours had "run," did not take a written
confession but transported Appellant to the juvenile facility.
            The oral confession was not objected-to at the hearing to suppress, but "any objections
were reserved for the trial." Points one, two, and three are without merit and are overruled.
      Points four and five contend the trial court erred in denying Appellant's motion to suppress
his written confession because the State failed to apprise Judge Biggs of Appellant's earlier verbal
confession and because Judge Biggs' questioning of Appellant failed to reveal whether Appellant's
written confession was the product of any prior confession.
      Judge Biggs gave Appellant warnings on January 19, 1992. He advised Appellant what he
was accused of, read him his rights in accordance with the Texas Family Code, asked him if he
was feeling bad or was ill, and had him sign a copy of the warnings. Judge Biggs specifically
advised Appellant he had the right to remain silent and not to make any statement, that any
statement he made could be used against him; that he the right to have an attorney advise him prior
to and during questioning; that he had the right to terminate any interview at any time; that if he
was unable to employ an attorney that an attorney would be appointed for him; and that the
juvenile court could waive its jurisdiction and he could be tried as an adult.
      Appellant was then interviewed by Detective Valerio and gave his written confession, and
thereafter brought back to Judge Biggs. Judge Biggs then gave him a second warning outside the
presence of the officer, which warning covered the same matters as the prior warning.
      Appellant told Judge Biggs that he understood all of his warnings; then Judge Biggs had
Appellant read his confession aloud to him. Judge Biggs then asked Appellant if he had been
promised anything or threatened in anyway or if he had been deprived of food, drink or sleep in
making his confession. Appellant told Judge Biggs his statement was voluntary and he had not
been deprived of food, drink, or sleep.
      Judge Biggs' warnings, both before and after Appellant gave his confession but before he
signed it, were thorough and complete. Defense counsel cross-examined Judge Biggs but did not
ask him what effect any knowledge of a prior oral statement would have had upon his examination
of Appellant to determine if Appellant knowingly and voluntarily gave his written confession. 
Points four and five are without merit and are overruled.
      Points six and seven assert the trial court erred in denying Appellant's motion to suppress the
written confession because such written confession was directly linked to the illegally obtained oral
confession and this was obtained by the exploitation of the fruit of the initial illegalities and not
obtained by means sufficiently attenuated to be purged of the primary taint of unlawful police
conduct.
      Appellant relies on three asserted illegalities: (1) excessive force used in the raid involving
seventeen officers, six of whom entered the apartment with drawn pistols; (2) the police violation
of Tex. Fam. Code § 52.02(a) in failing to take Appellant to a designated juvenile processing
office; and (3) the detention of Appellant for over six hours in violation of Tex. Fam. Code
52.02(d). Appellant asserts the critical link between two confessions is provided by Appellant's
agreement during the initial detention to give a written statement at a later date.
      There is nothing excessive in using seventeen officers, six of whom were armed, to enter an
apartment occupied by ten persons who were suspects in a capital murder case. The allegations
of failure to take Appellant to a juvenile processing center and his detention for over six hours
have been addressed under points one through three.
      Any illegality in the manner or time of Appellant's detention on January 17, 1992, was
attenuated by the time Appellant was questioned on January 19, 1992, by both the lapse of time
and by the very thorough warnings administered by Judge Biggs both before and after he accepted
Appellant's confession. Points six and seven are overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and 
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 20, 1995
Do not publish